## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CIVIL NO.  1:06CV220
## (1:01CR90)

| | | |
|---|---|---|
| **GREGORY PETER HANSEN** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER OF DISMISSAL** |
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to
vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  No
response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence
on the grounds that it is in violation of the Constitution or United States law,
was imposed without jurisdiction, exceeds the maximum penalty, or is
otherwise subject to collateral attack.  **28 U.S.C. § 2255.**  However,

> [i]f it plainly appears from the face of the motion and any
> annexed exhibits and the prior proceedings in the case that the
> movant is not entitled to relief in the district court, the judge

2

shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

On December 4, 2001, the Petitioner was charged in a six count indictment with bank robbery and bank larceny stemming from the robbery of three separate banks in Asheville, North Carolina, in violation of 18 U.S.C. §§ 2113(a) and (b).  **Bill of Indictment, filed December 4, 2001.** On February 25, 2002, pursuant to a plea agreement with the Government, the Petitioner pled guilty to Counts One, Three and Five of the indictment. On April 29, 2003, the undersigned sentenced the Petitioner to a term of 135 months of imprisonment on each count to be served concurrently.[1] **Judgment in a Criminal Case, filed May 7, 2003.**  The Petitioner filed a timely notice of appeal and the Fourth Circuit Court of Appeals affirmed the Petitioner's conviction and sentence on December 19, 2003.  ***United States v. Hansen*, 82 F. App'x 849 (4th Cir. 2003).**  The Petitioner did not

---

[1] The Court later amended Petitioner's judgment to provide that the federal sentence be served concurrently with the state sentence the Petitioner was serving at the time of indictment in this case.  ***See* Order, filed October 23, 2003; Amended Judgment in a Criminal Case, filed October 23, 2003.**

3

petition the United States Supreme Court for a *writ of certiorari*; therefore,

the Petitioner's conviction became final on March 19, 2004.  ***Clay v.***

***United States*, 537 U.S. 522 (2003).**  Petitioner signed his § 2255 motion

on July 19, 2006, and same was filed in this Court on July 24, 2006.

> Prior to the Antiterrorism and Effective Death Penalty Act
> (AEDPA), a prisoner possessed virtually unlimited amounts of
> time to file a first petition for collateral review under 28 U.S.C.
> §§ 2254 and 2255.  In an attempt to curb the protracted nature
> of such litigation, Congress established a one-year period of
> limitations. . . .  In relevant part, the AEDPA amended § 2255
> by adding the following language:
>
> > A 1-year period of limitation shall apply to a motion
> > under this section.  The limitation period shall run
> > from the latest of -
> > > (1) the date on which the judgment of
> > conviction becomes final; . . . .
>
> We are left with the question of when a judgment is to be
> considered final.  The Supreme Court has addressed the
> question of finality in the context of retroactivity.  The Court
> defined a conviction as being final when "a judgment of
> conviction has been rendered, the availability of appeal
> exhausted, and the time for a petition for certiorari elapsed or a
> petition for certiorari finally denied."

***Gendron v. United States,* 154 F.3d 672, 673-74 (7th Cir. 1998) (quoting**

***Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).**

The Petitioner alleges he did not know that his appeal had been

adjudicated until he arrived at the designated federal prison in February

4

2006 from state custody.  **Motion, at 6.**  He states that he is "entitled" to

proceed with this § 2255 motion "out of time" because the United States

Marshal's Service placed him in transit from May 2005 to February 2006

and he had no access to a law library in which to prepare his motion.  ***Id.,***

**at 11.**  Petitioner must have filed this motion on or before March 19, 2005.

What occurred between May 2005 and February 2006 is of no moment.

The Court concludes that the Petitioner's motion was filed over two years

after his conviction became final, and therefore, is untimely filed.  ***Id.***

   **IT IS, THEREFORE, ORDERED** that the Petitioner's motion to

vacate, set aside, or correct sentence is hereby **DISMISSED WITH**

**PREJUDICE.**

               Signed: July 26, 2006

               Lacy H. Thornburg
               United States District Judge